UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ISAAC PEREZ, on behalf of himself and all others
similarly situated,

                         Plaintiff,

            -against-                     18 Civ. 267 (AMD)(RML)

L&B GARDENS, INC. d/b/a L&B SPUMONI
GARDENS and CAMILLE MCDONALD,

                         Defendants.

-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Isaac Perez ("Plaintiff"), on one side, and L&B Gardens, Inc. d/b/a L&B Spumoni Gardens ("Spumoni Gardens") and Camille McDonald on the other (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on January 16, 2018, Plaintiff, through his counsel, Pechman Law Group PLLC ("PLG"), commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Eastern District of New York (the "Court"), Docket No. 18 Civ. 267 (the "Action"), alleging, *inter alia*, that he worked for Defendants as a cook; that he regularly worked over forty hours per workweek; that Defendants paid him at the same hourly wage rate for all hours worked, including hours worked over forty, per workweek, thereby failing to pay him overtime wages at the proper rate throughout his employment; that he was not paid spread-of-hours pay when his daily shifts were longer than ten hours; and that he was not provided with wage statements with each payment of wages or with a wage notice;

**WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint, he is entitled to recover from Defendants unpaid overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA");

**WHEREAS**, Defendants deny all material allegations asserted by Plaintiff in his Complaint, deny that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint, and have denied and continue to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiff;

1

WHEREAS, the Parties have exchanged information related to the Claims in this Action, such as payroll and time records, such that they have adequate information to assess the appropriateness of this Agreement;

WHEREAS, the Parties, with counsel, attended a four-hour-long court-ordered mediation before Elena Paraskevas-Thadani, an experienced mediator, at the Court, on August 7, 2018, which ended with the Parties agreeing to all materials terms set forth in this Agreement; and

WHEREAS the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

NOW, THEREFORE, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1.      **Settlement Amount and Other Consideration**

a.      <u>Settlement Amount, Allocations, and Payment Schedule</u>.  In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total gross payment of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) (the "Settlement Amount") according to the following terms:

i.      Of the Settlement Amount, Defendants shall pay a total aggregate sum of Forty-Nine Thousand Five Hundred Thirty-Three Dollars and Thirty-Four Cents ($49,533.34) to Plaintiff subject to the terms set forth below.

ii.      Of the Settlement Amount, Defendants shall pay a total aggregate sum of Twenty-Five Thousand Four Hundred Sixty-Six Dollars and Sixty-Six Cents ($25,466.66) to Pechman Law Group PLLC, which shall represent attorneys' fees and costs, subject to the terms set forth below.

b.      <u>Taxes</u>.  Defendants shall make all payments to Plaintiff and to PLG in this Agreement subject to IRS Tax Form W-9, without any tax withholdings or deductions. Plaintiff shall be responsible for his share of all taxes, interest, or penalties, if any, due as a result of payments made to him under this Agreement.  Defendants shall issue Plaintiff and PLG 1099 tax forms for their respective payments under this Agreement.

c.      <u>Payment Schedule and Delivery of Checks</u>.  By September 7, 2018, Defendants shall deliver to PLG, at the address set forth in Paragraph 12 below, a total of six checks reflecting the dates, amounts, and payees listed in the chart below.  PLG shall hold the six checks in escrow.  On the dates reflected on each check (*i.e.*, September 14, October 15, and November 15, 2018), PLG shall deposit the check made out to it and deliver to Plaintiff the check made out to him:

| Payment Due Date and Check Date | Total Amount Due | Amounts Payable to Plaintiff & PLG |
|---|---|---|
| September 14, 2018 | $35,000.00 | • Isaac Perez:  $22,866.67<br>• Pechman Law Group PLLC:  $12,133.33 |
| October 15, 2018 | $20,000.00 | • Isaac Perez:  $13,333.33<br>• Pechman Law Group PLLC:  $6,666.67 |
| November 15, 2018 | $20,000.00 | • Isaac Perez:  $13,333.34<br>• Pechman Law Group PLLC:  $6,666.66 |

d.  <u>Default</u>.  Camille McDonald, both on behalf of herself and of Spumoni Gardens, agrees that if Defendants fail to make timely any of the payments set forth above, or if any payment check fails to clear (*i.e.*, bounces) for any reason, PLG shall provide a notice to cure to the Defendants' counsel by e-mail and facsimile consistent with Paragraph 12 below.  Defendants shall cure the default within seven (7) calendar days from and including the date on which the notice was received (the "Cure Period") by remitting to PLG all unpaid balances plus, if applicable, any bank fees incurred by Plaintiff and/or PLG as a result of bounced checks.  Defendants agree that if they fail to cure the default within the Cure Period, all outstanding and unpaid payments under this Agreement, including any bank fees PLG and/or Plaintiff incurred for bounced checks, shall become due immediately at the end of the Cure Period and, in addition to the foregoing amounts, Defendants shall also pay Plaintiff (i) all reasonable attorneys' fees and costs incurred in any action to enforce the terms of the Agreement and (ii) liquidated damages of Thirty Thousand Dollars and Zero Cents ($30,000.00).

e.  <u>Confession of Judgment</u>.  Consistent with Paragraph 1(d) above, Camille McDonald, both on behalf of herself and of Spumoni Gardens, agrees to execute the Confession of Judgment, enclosed as Exhibit A, entitling Plaintiff to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) of the Settlement Amount; (ii) liquidated damages in the amount of $30,000.00; (iii) bounced check fees incurred by PLG and/or Plaintiff, if any; and (iv) reasonable attorneys' fees and costs incurred in any proceeding to enforce the Agreement.  Defendants shall deliver to PLG the original executed and notarized Confession of Judgment by September 7, 2018, contemporaneously with Defendants' delivery of the six checks described in Section 1(c) above.  PLG shall hold the Confession of Judgment in escrow and will file it only if Defendants fail to comply with the payment of any part of the Settlement Amount and fail to cure such default within the Cure Period, as set forth in Paragraph 1(d) above.  Upon receipt of all payments set forth above, totaling the full Settlement Amount, PLG shall destroy the Confession of Judgment.

2.  **Release of Wage and Hour Claims by Plaintiff**

In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of

which is hereby acknowledged, except for Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges—on his own behalf and on behalf of anyone who could claim by and through him, including his heirs, executors, administrators, former and present representatives, successors and assigns—L&B Gardens, Inc. d/b/a L&B Spumoni Gardens and Camille McDonald, and their past, current, and future owners, partners, employees, principals, subsidiaries, divisions, parent companies, related entities, affiliates, predecessors, successors, officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from Plaintiff's work performed for Defendants, Plaintiff's employment by Defendants, Plaintiff's separation of employment with Defendants and/or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146. Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiff against Defendants except to the extent that Plaintiff seeks enforcement of the terms of this Agreement.

3. **Approval, Retention of Jurisdiction, and Dismissal**

a. <u>Approval of Settlement Agreement</u>. The Parties, through counsel, shall present a fully executed copy of this Agreement, with an unexecuted copy of the proposed Stipulation and Order of Dismissal with Prejudice (the "Order") annexed as Exhibit B, to the Court for review and approval. The Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement.

b. <u>Retention of Jurisdiction</u>. The Parties shall jointly request the Court to retain jurisdiction over the Action until after PLG files the fully executed Order.

c. <u>Dismissal with Prejudice</u>. PLG shall file a fully executed copy of the Order, thereby requesting the Court to dismiss the Action with prejudice, within five (5) business days after PLG and Plaintiff deposit the final Settlement Payment checks described in Section 1 and they clear.

4. **Non-Admission of Liability**

The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have

been raised in the Action, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and/or otherwise.

5. **Attorneys' Fees and Costs**

The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

6. **Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Southern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in Kings County.

7. **Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Plaintiff's Representations**

Plaintiff represents and warrants that he has entered into this Agreement of his own free will and accord, not subject to coercion or undue influence. Plaintiff further warrants that he is satisfied with the legal representation and services received from his attorneys, PLG, and believes that the Settlement Amount and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiff has agreed to dismiss, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendants, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the Parties to enter into this Agreement.

9. **Entire Agreement**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This

Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

10.     **Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

11.     **Interpretation**

a.      Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

b.      Captions and Headings. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

12.     **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| If to Plaintiff: | If to Defendants: |
|---|---|
| Louis Pechman, Esq. | Maria Patelis, Esq |
| Gianfranco Cuadra, Esq. | Salvatore E. Strazzullo, Esq. |
| Pechman Law Group, PLLC | Strazzullo Law Firm, P.C. |
| 488 Madison Avenue, 17th Floor | 7101 18th Avenue |
| New York, NY 10022 | Brooklyn, NY 11204 |
| Fax: (212) 409–8763 | Fax: (718) 259–4494 |
| pechman@pechmanlaw.com | m.patelis@aol.com |
| cuadra@pechmanlaw.com | strazzullolaw@aol.com |

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight

courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

13.    Plaintiff understands, represents, and agrees that he:

a.    has carefully reviewed all terms of this Agreement in Spanish, his native language, with Gianfranco J. Cuadra, his attorneys in this Action who are fluent in Spanish;

b.    is, through this Agreement, releasing Defendants from any and all wage-and-hour claims, including the Claims, that he may have against them relating to his employment or separation from employment with Defendants;

c.    knowingly and voluntarily agrees to all of the terms set forth in this Agreement and intends to be legally bound by them;

d.    was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

e.    is duly authorized and has full authority to execute this Agreement.

Plaintiff

Isaac Perez

Dated: 08|10|18

Defendants

L&B Gardens, Inc. d/b/a L&B Spumoni Gardens

By: _____

Title: V P.

Dated: August 8, 2018

Camille McDonald

Dated: August 8, 2018

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ISAAC PEREZ, on behalf of himself and all others     :
similarly situated,                                  :
                                                     :
                                        Plaintiff,   :     Index No. _____
                                                     :
                    -against-                        :     **AFFIDAVIT OF**
                                                     :     **CONFESSION**
L&B GARDENS, INC. d/b/a L&B SPUMONI                  :     **OF JUDGMENT**
GARDENS and CAMILLE MCDONALD,                        :
                                                     :
                                        Defendants.  :

-----------------------------------------------------------------X

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK )

Camille McDonald, being duly sworn, deposes and says:

    1.    I, Camille McDonald, am an owner of L&B Gardens, Inc. d/b/a L&B

Spumoni Gardens ("Spumoni Gardens").

    2.    I reside at _2162 - West 10th St, Brooklyn, NY .11223_

    3.    I am duly authorized to make and sign this Affidavit of Confession of

Judgment on my own behalf and on behalf of Spumoni Gardens.

    4.    I, Camille McDonald, hereby confess judgment and authorize entry of

judgment against myself and Spumoni Gardens (collectively, "Defendants"), jointly and

severally, in favor of Plaintiff Isaac Perez in both Kings County and the _United States_

County, where I reside, for the total sum of One Hundred Five Thousand Dollars and

Zero Cents ($105,000.00) less any settlement monies already paid to Isaac Perez

pursuant to the terms of the Settlement Agreement and Release (the "Settlement

Agreement") entered into and signed by Plaintiff and Defendants in the above-

captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921,

1923, and 1924; any and all bounced check bank fees that Plaintiff and/or his attorney

incurred; and reasonable attorneys' fees incurred in entering and enforcing the judgment accrued.

5.     This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the parties' Settlement Agreement.

6.     The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure their breach, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, or with the any County Clerk's Office of competent jurisdiction, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or Spumoni Gardens, collectively or individually, have any ownership interest.

8.     The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

_____
Camille McDonald, on behalf of herself and on
behalf of L&B Gardens Inc. d/b/a L&B Spumoni Gardens

Sworn to and subscribed before me this
_____ day of August 2018

_____
Notary Public

MARIA PATELIS
NOTARY
NO. 02PA6053134
QUALIFIED IN
RICHMOND COUNTY
COMM. EXP.
01-02-19
PUBLIC
STATE OF NEW YORK

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISAAC PEREZ, on behalf of himself and all others   :
similarly situated,   :
  :
                    Plaintiff,   :      18 Civ. 267 (RML)
  :
       -against-   :
  :
L&B GARDENS, INC. d/b/a L&B SPUMONI   :
GARDENS and CAMILLE MCDONALD,   :
  :
              Defendants.   :
-----------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on January 16, 2018, Plaintiff filed a Complaint, which asserts claims for, *inter alia,* failure to pay overtime wages, spread-of-hours pay, and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations at a Court-ordered mediation with an experienced arbitrator held on August 7, 2018, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia,* a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serves the same purposes as an original signature.

Dated:  New York, New York
        November _____, 2018

PECHMAN LAW GROUP PLLC
*Attorneys for Plaintiff*

STRAZZULLO LAW FIRM, P.C.
*Attorneys for Defendants*

By:_____
    Louis Pechman, Esq.
    Gianfranco J. Cuadra, Esq.
    488 Madison Avenue, 17th Floor
    New York, NY 10022
    Tel.:  (212) 583-9500

By:_____
    Maria Patelis, Esq.
    Salvatore E. Strazzullo, Esq.
    7101 18th Avenue
    Brooklyn, NY 11204
    Tel.:  (718) 259-4600

**SO ORDERED:**

_____
Hon. Robert M. Levy
United States Magistrate Judge

2